**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____   :
                                      :
DENISE HILLERY JONES,                 :
                                      :
            Plaintiff,                :    Civil No. 06-3230 (RMB)
                                      :
        v.                            :    **OPINION**
                                      :
THERESA M. BLANCO, ESQ.                :
UNKNOWN INSURANCE CARRIER              :
FOR THERESA M. BLANCO,                 :
                                      :
            Defendants.               :
_____   :

      THIS MATTER comes before the Court upon the Defendant Theresa M. Blanco, Esq., for a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, the motion will be granted.

Statement of Facts

      The following statements are taken from the Plaintiff's Complaint. Defendant Theresa M. Blanco is an attorney licensed in New Jersey. Blanco represented Plaintiff Hillery-Jones in a medical malpractice action against several defendants, including Dr. Benjamin Epstein. Dr. Epstein treated Hillery-Jones at Shore Memorial Hospital, in Atlantic City, New Jersey, following a car accident. Dr. Epstein performed a closed reduction surgery of Hillery-Jones' hip that was fractured in the car accident.

1

Hillery-Jones alleged in the medical malpractice action that she suffered various injuries as a result of Dr. Epstein's negligence. The case proceeded to a jury trial and the jury returned a no-cause verdict in favor of Dr. Epstein. The trial court thereafter denied Plaintiff's motion for a new trial. An appeal to the Superior Court of New Jersey, Appellate Division was denied.

Plaintiff makes several claims in the within case. First, in Count 1, she claims Defendant Blanco committed malpractice in violation of the Sixth and Fourteenth Amendments. In Count 2, she claims that Defendant Blanco violated the Fourteenth Amendment by (a) failing to ensure that the transcripts were ordered for appellate review and (b) failing to submit testimony.[1]

Legal Analysis

"Dismissal of a complaint pursuant to Rule 12(b)(6) is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Hackensack Riverkeeper, Inc. v. Del. Ostego Corp., 450 F. Supp. 2d 467, 484 (D.N.J. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The allegations contained in the complaint will be accepted as true. Cruz v.

---

[1] Plaintiff also makes a claim against "Unknown Insurance Carrier."

Beto, 405 U.S. 319, 322 (1972).  Plaintiff will also be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff must make factual allegations and cannot rely on "conclusory recitations of law." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

Taking the factual allegations of the Complaint as true, the Complaint does not state a claim against Blanco under any of the constitutional provisions and federal statutes that are alleged.  Accordingly, the Complaint must be dismissed.  See In re Rockefeller Center Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002) (dismissing complaint when the facts alleged do not support the elements of each cause of action.)

The allegation contained in Hillery-Jones' Complaint in support of her Sixth Amendment claim is that Blanco "negligently conducted this action by failing to understand the rules of evidence, specifically Rule 803(b)(5), when Dr. Epstein conceded a claim of fraudulent [sic] and responsibility for plaintiff's injuries [sic] that judgment was rendered against plaintiff." Complaint at ¶ 23.  A claim for professional negligence has no relation to a claim of violation of the Sixth Amendment.  By its terms, the Sixth Amendment guarantees rights related to criminal prosecutions.  The Sixth Amendment does not provide a civil right

3

of action for damages.

Likewise, a cause of action pursuant to the Fourteenth Amendment requires that the alleged constitutional deprivation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted). Because Defendant Blanco was clearly a private actor, and was not acting under color of state law in her representation of Plaintiff Hillery-Jones in the medical malpractice lawsuit, she cannot be liable for any claim asserted for a violation of the Due Process Clause of the Fourteenth Amendment.

Moreover, in order to establish a claim under 42 U.S.C. § 1983, "a plaintiff must establish that he has been deprived of a right secured by the Constitution and the laws of the United States, and that such deprivation of rights was caused by a person acting under color of state law." Stanziale v. County of Monmouth, 884 F.Supp. 140, 143 (D.N.J. 1995), citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155. (1978) Thus, a private actor, whose actions are not fairly attributable to the state, cannot be held liable under Section 1983.

Here, Plaintiff has not alleged that the Defendant was

4

a state actor; there is no factual basis set forth in the Complaint that could support such a finding.  Because Defendant Blanco is not alleged to have been acting under color of state law in her representation of Plaintiff Hillery-Jones in the medical malpractice lawsuit, she cannot be liable for any claim asserted under Section 1983.  See <u>Sullivan v. State of New Jersey, Division of Gaming Enforcement</u>, 602 F.Supp. 1216, 1221 (D.N.J. 1985), aff'd 853 F.2d 921 (3d Cir. 1988).

The Court is mindful that <u>pro se</u> litigants' pleadings are held to a more liberal standing.  <u>Pro se</u> complaints in particular should be construed so as to do substantial justice; a short plain statement is often all that is required.  <u>Alston v. Parker</u>, 363 F.3d 229, 234 (3d Cir. 2004).  However, no matter how liberally construed, Plaintiff's allegations in support of her federal claims could only establish state law and common law claims.  This Court need not address those claims.  Having dismissed all federal claims, the Court will not address the remaining state claim.  It is a district court's discretion to "decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. 1367(c)(3).  Accordingly, this Court will decline to exercise supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. 1367(c)(3).

Conclusion

        For the aforementioned reasons, Defendants' motion to dismiss will be granted.  An appropriate order will issue this date.

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge

Dated: December 21, 2006